UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MANUEL G. GARCIA, individually; SHERMAN MAH, individually; and RICHARD J. WOLFINGTON, individually, | NO. |
| Plaintiffs, | COMPLAINT FOR DAMAGES AND FURTHER RELIEF |
| v. | **\* \* \* JURY DEMAND \* \* \*** |
| CITY OF EVERETT, a municipal corporation; DAVID M. FUDGE, individually and his marital community; KATHERINE A. ATWOOD, individually and her marital community, | |
| Defendants. | |

Plaintiffs, by and through their undersigned counsel of record, as and for their claims against defendants, allege as follows:

## I.    PARTIES

1.1.    Plaintiff Manuel G. Garcia ("Garcia") is and was a resident of Snohomish County at all relevant times herein.  He was born in Mexico, is a Naturalized Citizen of the United States, and identifies with the Latino and/or Hispanic racial group.

COMPLAINT FOR DAMAGES
AND FURTHER RELIEF - 1 of 18
(NO. _____)
{2067.01 - 00018707}

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 -  FACSIMILE (425) 623-1310

1.2.    Plaintiff Sherman Mah ("Mah") is and was a resident of Snohomish County at all relevant times herein.  He was born in Vancouver, British Columbia, Canada, is a Naturalized Citizen of the United States, and identifies with the Chinese and/or Asian-American racial group.

1.3.    Plaintiff Richard J. Wolfington ("Wolfington") is and was a resident of Snohomish County at all relevant times herein.   He identifies with the Native American racial group.

1.4.    Defendant City of Everett (the "City") is a municipal corporation duly authorized and organized under the laws of the State of Washington.  Defendant City, pursuant to its Charter and Municipal Code, established the Everett Police Department ("Everett PD").  Its principal place of business where plaintiffs are and/or were employed is located at 3002 Wetmore Avenue, Everett, Washington  98201 (the North Precinct) and 1121 SE Everett Mall Way, Everett, Washington  98208 (the South Precinct).

1.5.    Defendant David M. Fudge ("Fudge") is believed to be a resident of the County of Snohomish, State of Washington.  He is a Police Captain with the Everett PD.  The acts alleged herein by Fudge were done in the scope of his employment, which employment was for the benefit and on behalf of his marital community.  At all relevant times, he was within plaintiffs' supervisory chain of command.  The acts alleged herein committed by Fudge constitute aiding, abetting, encouraging, or inciting the commission of discriminatory and/or retaliatory acts against plaintiffs in violation of Chapter 49.60, Washington's Law Against Discrimination, and specifically

COMPLAINT FOR DAMAGES
AND FURTHER RELIEF - 2 of 18
(NO. _____)
{2067.01 - 00018707}

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 -  FACSIMILE (425) 623-1310

RCW 49.60.220.   As such, Fudge is also personally liable under Chapter 49.60 RCW.

1.6.    Defendant Katherine A. Atwood ("Atwood") is believed to be a resident of the County of Snohomish, State of Washington.  Since July 7, 2011, she has held the position of Chief of Police of the Everett PD.  The acts alleged herein by Atwood were done in the scope of her employment, which employment was for the benefit and on behalf of her marital community.   At all relevant times, she was within plaintiffs' supervisory chain of command.  The acts alleged herein committed by Atwood on behalf of the City, constitute aiding, abetting, encouraging, or inciting the commission of discriminatory and/or retaliatory acts against plaintiffs in violation of Chapter 49.60,  Washington's  Law  Against  Discrimination,  and  specifically RCW 49.60.220.  As such, Atwood is also personally liable under Chapter 49.60 RCW.

## II.    JURISDICTION AND VENUE

2.1.    Plaintiffs allege federal claims against defendants under the Civil Rights Act of 1866, *as amended*, 42 U.S.C. § 1981; the Civil Rights Act of 1871, *as amended*, 42 U.S.C. § 1983; and the Civil Rights Act of 1991, *as amended*.

2.2.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which grants district court jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

2.3.    This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which grants district court original jurisdiction over any civil action to

COMPLAINT FOR DAMAGES
AND FURTHER RELIEF - 3 of 18
(NO. _____)
{2067.01 - 00018707}

recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

2.4.    Plaintiffs also allege state claims against defendants pursuant to Washington's Law Against Discrimination, Ch. 49.60 RCW, and tort claims arising under state common law.  Plaintiffs have filed their mandatory notices of tort claims with the City more than sixty (60) days prior to the filing of this action and have exhausted the claim filing requirements of RCW 4.92.

2.5.    This Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367(a) because those claims arise out of the same case or controversy as the federal claims.

2.6.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because defendants are residents of the Western District of Washington and the events giving rise to plaintiffs' claims took place in the Western District of Washington.

### III.    FACTS

#### Sergeant Manuel "Manny" G. Garcia

3.1.    Plaintiff Garcia has been employed as an officer with the Everett PD since March 28, 1988.  Currently, and since 2002, he holds the rank of Sergeant.

3.2.    Garcia was the first Hispanic and first bilingual officer at the Everett PD. Throughout his employment with Everett PD, he has been subjected to numerous derogatory remarks and comments directed at his race, ethnicity, and national origin. He has routinely reported these events to his chain of command over the years, with no positive changes.

COMPLAINT FOR DAMAGES
AND FURTHER RELIEF - 4 of 18
(NO. _____)
{2067.01 - 00018707}

1

2

3     3.3.   On November 16, 2010, Garcia submitted for eligibility for a promotion

4  to a lieutenant position.  After testing, he ranked first on the eligibility register.

5     3.4.   When a lieutenant position first became open a short time later, Garcia

6  was skipped over and Sergeant John W. DeRousse was promoted instead, who was

7  ranked third on the eligibility register.  Sergeant DeRousse is a Caucasian male.

8     3.5.   On March 23, 2011, Garcia was finally promoted to lieutenant and

9  placed on the standard six-month probationary period.  He was placed under the

10 command of Fudge who treated him more harshly and put extreme pressure and

11 unreasonable expectations on him which Fudge did not place on Caucasian

12 lieutenants on probation or otherwise. By way of example:

13     3.5.1. Fudge created poor performance evaluations based on issues

14 that occurred in the past prior to Garcia's promotion to the lieutenant position;

15     3.5.2. Fudge raised minor or insignificant issues and elevated them in

16 order to attempt to justify and support a poor performance evaluation;

17     3.5.3. Fudge focused on issues that were irrelevant to the core

18 responsibilities of the lieutenant's position in order to give Garcia an overall

19 poor performance rating; and

20     3.5.4. Fudge scrutinized Garcia much more than Caucasian lieutenants

21 under his supervision, including excessive monitoring, and going through

22 Garcia's desk on numerous occasions.

23     3.6.   Garcia reported to his chain of command, on or about July 2011, that

24 Fudge was treating him more harshly than Caucasian lieutenants. However, neither

25

26

COMPLAINT FOR DAMAGES
AND FURTHER RELIEF - 5 of 18
(NO. _____)
{2067.01 - 00018707}

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

the City nor the Everett PD reviewed or investigated his complaints of unfair and unequal treatment.

3.7.    Shortly after Garcia complained about the unfair and unequal treatment by Fudge, Fudge placed him on a performance development plan. Instead of allowing or extending to Garcia the opportunities afforded Caucasian lieutenants during their probationary periods such as extension of the probationary period or transferring to a different supervisor, at the end of the probationary period on September 19, 2011, Fudge recommended that he not be placed into a permanent lieutenant position. Fudge recommended he be demoted to his former position as Sergeant.

3.8.    Defendant Atwood had knowledge of Garcia's work history and good performance, his long-time work dedicated to improving the Everett PD's relationship with the minority community, his promotion to lieutenant, and his complaints of unequal treatment by Fudge.  Atwood approved Fudge's recommendation to demote Garcia without further inquiry or any investigation.

3.9.    On information and belief, Fudge's demotion of Garcia is the only occurrence in at least the last twenty (20) years where an officer has been demoted immediately after the expiration of the initial probationary period following a promotion.

**_Officer Sherman Mah_**

3.10.    Plaintiff Mah has been employed by the Everett PD as an officer since May 7, 1995.

COMPLAINT FOR DAMAGES
AND FURTHER RELIEF - 6 of 18
(NO. _____)
{2067.01 - 00018707}

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 -  FACSIMILE (425) 623-1310

3.11.  For over fifteen (15) years, since 1998, Mah has sought promotional opportunities to advance his career.  On September 9, 2010, Mah submitted for a promotional sergeant position and after testing, ranked second on the eligibility register.   Mah has been skipped over multiple times for promotion:

      3.11.1.     Mah was skipped over when a sergeant position first became open and Officer Karen L. White was promoted instead.  Officer White is a Caucasian female and ranked third on the eligibility register; and

      3.11.2.     Still ranked second on the eligibility register, Mah was skipped over again on March 23, 2011, and Officers James T. Collier, William Lange, and Peter G. Noetzel were each promoted instead.   All these male officers are Caucasian and ranked first, fourth, and fifth on the eligibility register, respectively.

3.12.  After being skipped over multiple times for promotion, Mah complained to the City's human resources department.  The City did not take any steps to make an inquiry, investigate, or take any action regarding Mah's complaint.

3.13.  The practice of the Everett PD is to appoint an officer who has not yet been promoted but who ranks high on the eligibility register to a position of acting sergeant or an investigative position.  The purpose is to give the eligible officer experience at the higher level.  Although Mah ranked second on the eligibility register since November 2010, he was never asked, offered, or placed into such an appointment.  Therefore, on July 11, 2011, Mah made a formal request through his chain of command, including to Fudge and Atwood, to be assigned as an acting

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 -  FACSIMILE (425) 623-1310

sergeant in order to demonstrate his capabilities of performing the responsibilities of the position.

3.14.  Approximately nine (9) months after Mah's formal request to be appointed acting sergeant, Fudge denied the request. Instead, Atwood appointed Officer Mark Parker, a Caucasian male, to an acting sergeant position.   Officer Parker had failed to pass the sergeant's promotional examination on multiple occasions and had other known deficiencies, whereas Mah had ranked second on the register and his performance either met or exceeded expectations.

3.15.  On May 30, 2012, Atwood again skipped over Mah who was still ranked second on the eligibility register, and instead promoted Officer Trevor R. Townsend, a Caucasian, who ranked last on the eligibility register.

3.16.  Defendant Atwood had knowledge of Mah's work history and good performance, his high placement on the eligibility register for a sergeant position, his formal request to become an acting sergeant, and his being repeatedly passed over for a sergeant position or acting position in favor of Caucasians.   Atwood failed to order or conduct any further inquiry or investigation, and failed to act, prevent, or rectify the unfair and difference in treatment of Mah.

### Sergeant Richard "Rick" J. Wolfington

3.17.  Plaintiff Wolfington was employed as an officer with the Everett PD since January 3, 1993.  After serving twenty (20) years with the Everett PD, he was compelled to leave his position on February 13, 2013, due to mistreatment and resulting health conditions.

COMPLAINT FOR DAMAGES
AND FURTHER RELIEF - 8 of 18
(NO. _____)
{2067.01 - 00018707}

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 -  FACSIMILE (425) 623-1310

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3.18.  On December 16, 2010, Wolfington, who also sought a promotion, ranked fourth on the eligibility register for a lieutenant position. This is the same eligibility register on which Garcia was ranked number one.

3.19.  Shortly after this eligibility register was certified, Wolfington made reports to his superiors about Fudge which he reasonably believed to be unethical acts and/or violations of policy, and also questioned Fudge directly as follows:

3.19.1.     On or about December 19, 2010, Wolfington reported that he had reason to believe that Fudge was having an inappropriate relationship with a subordinate female officer, and that there appeared to be sexual harassment occurring, and potentially domestic violence by Fudge against the subordinate officer; and

3.19.2.     Shortly after reporting and during the Everett PD annual retirement party, Fudge was drinking alcohol while he was the on-duty officer ("ODO").  The ODO is the ranking officer during a particular shift with high-level decision-making capabilities.  Wolfington talked to Fudge about his condition and the violation of policy to be drinking while serving as the ODO. Fudge became very angry with Wolfington.

3.20.  Within a short time period after these reports, Fudge began to treat Wolfington in a hostile and retaliatory manner and overly scrutinizing his work performance, which was intimidating to Wolfington and his team.

3.21.  Wolfington was skipped over multiple times for promotion:

COMPLAINT FOR DAMAGES
AND FURTHER RELIEF - 9 of 18
(NO. _____)
{2067.01 - 00018707}

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 -  FACSIMILE (425) 623-1310

3.21.1.     As has been the practice of the Everett PD to place eligible officers in acting positions to gain experience for the higher levels, defendants did not place Wolfington into either of two administrative sergeant positions which became open shortly after Garcia was promoted;

3.21.2.     Wolfington was skipped over for promotion on March 8, 2011, in favor of Sergeant Jimmy Phillips, a Caucasian male, who ranked last on the eligibility register; and

3.21.3.     Wolfington was skipped over again for promotion on September 14, 2011, and Sergeant Bryan Brockmann, a Caucasian male, was promoted to Acting Lieutenant.  The practice of the Everett PD is to appoint an officer to an acting position who was ranked on the eligibility register in order to demonstrate his or her capabilities in performing the responsibilities of the position.  Sergeant Brockmann did not place on the eligibility register and did not seek the promotion.

3.22. Shortly after Sergeant Brockmann's appointment, Wolfington complained to his chain of command that Fudge was treating him more harshly than any sergeants who were Caucasian males, and was treating Garcia in a similarly harsh and discriminatory manner.

3.23.   In early 2012, Atwood again skipped over Wolfington, still ranked fourth on the eligibility register, and promoted Sergeant Robert Goetz to lieutenant. Wolfington was the last remaining officer on the eligibility register for lieutenant which was not set to expire until December 20, 2012.

COMPLAINT FOR DAMAGES
AND FURTHER RELIEF - 10 of 18
(NO. _____)
{2067.01 - 00018707}

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 -  FACSIMILE (425) 623-1310

3.24.  In the meantime, defendants certified another eligibility register on February 23, 2012, on which Sergeant Goetz was ranked number one.   On information and belief, and according to civil service rules, Wolfington should have been ranked number one at the top of this new eligibility register ahead of Sergeant Goetz.   Defendants violated the civil service rules, and Wolfington was no longer considered for promotion or even listed on the new eligibility register.

3.25.  Shortly after being passed over for promotion again in favor of Sergeant Goetz, Wolfington complained again to his chain of command about Fudge. He raised complaints that he was being treated more harshly than Caucasian sergeants, that it was his belief that Fudge had acted improperly and unethically; and that Fudge was retaliating against him and members of his crew due to Wolfington's complaints of different and unfair treatment by Fudge of both him and Garcia.

3.26.  The City and the Everett PD took no action to make further inquiry or investigate Wolfington's repeated complaints.   As a result of the ongoing hostilities and mistreatment toward him, and the failure to remedy the work environment, Wolfington experienced increasing stress, illness, and a decline in his health. He was forced to call in sick numerous times.

3.27.  Wolfington was then criticized for his increased use of sick time and was placed on mandatory reporting.   Mandatory reporting regarding sick leave use is a disciplinary step that may entail requiring an officer to call the on-duty supervisor each day of sickness, advising the on-duty supervisor of the nature and extent of the illness or incapacity, and obtaining a return to work note from a doctor relating to the

COMPLAINT FOR DAMAGES
AND FURTHER RELIEF - 11 of 18
(NO. _____)
{2067.01 - 00018707}

reported illness or incapacity.  Wolfington explained to his chain of command that his increased use of sick time was due to the stress he suffered in the work environment due to the mistreatment by Fudge.

3.28.  However, again the City and Everett PD took no steps to make any inquiry concerning the substance of Wolfington's complaints or to conduct any investigation of his complaints about Fudge.   In addition, despite Wolfington's explanation for his increased use of sick leave and illness, the City failed to take steps to inquire about the nature and extent of his condition, and failed to make any determination as to the validity of his complaints, and failed to take action to alleviate the harmful work environment.

3.29.  Consequently, he could no longer continue working, and on February 13, 2013, Wolfington was forced to give notice of his early retirement from the Everett PD.

3.30.  Defendant Atwood knew or had reason to know of Wolfington's work history and good performance, his placement and rank on the eligibility register for a lieutenant position, his being passed over repeatedly for a lieutenant position in favor of Caucasians, and his reports and complaints about Fudge.  Atwood failed to order or conduct any further inquiry or investigation, and failed to act or prevent the mistreatment of Wolfington.

## IV.    FIRST CAUSE OF ACTION
### VIOLATIONS OF 42 U.S.C. § 1981 OF THE CIVIL RIGHTS ACT OF 1866 FOR DISPARATE TREATMENT, HOSTILE WORK ENVIRONMENT, AND RETALIATION (against All Defendants)

4.1.    Plaintiffs reallege above paragraphs 1.1 through 3.30.

COMPLAINT FOR DAMAGES
AND FURTHER RELIEF - 12 of 18
(NO. _____)
{2067.01 - 00018707}

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 -  FACSIMILE (425) 623-1310

4.2.   The conduct, acts and/or omissions of defendants constitute independent, separate discriminatory acts based on race, color, and/or national origin.  Each such act or acts, singularly and/or collectively, are in violation of the Civil Rights Act of 1866, *as amended*, 42 U.S.C. § 1981.

    4.2.1.  *Disparate treatment*.  Defendants discriminated against plaintiffs in the terms and conditions of employment based upon their race, color, ethnicity, and/or national origin;

    4.2.2.  *Hostile work environment*.   Defendants created, allowed, and/or maintained a hostile work environment on the basis of plaintiffs' race, color, ethnicity, and/or national origin, and failed to take prompt, reasonable and remedial action to rectify the work environment; and

    4.2.3.  *Retaliation*.  Defendants retaliated against plaintiffs for opposing and reporting wrongful conduct and complaints about being treated unfairly due to their race, color, ethnicity, and/or national origin.

4.3   The conduct, acts, and/or omissions of defendants constitute willful, deliberate, reckless, or callous indifference to and/or reckless disregard for the civil rights of plaintiffs, and/or arose from ill will, malice, evil motive or intent, giving rise to an award of punitive damages against defendants pursuant to the Civil Rights Act of 1866, *as amended*, 42 U.S.C. § 1981.

4.4.   As a result and proximate cause of the unlawful conduct, acts and/or omissions of defendants, plaintiffs have been injured in an amount to be proven at

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 -  FACSIMILE (425) 623-1310

trial for which they are entitled to recover all their actual and compensatory, economic and non-economic, special and general damages.

4.5.     Pursuant to the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988, plaintiffs are entitled to an award for their costs, litigation expenses, and reasonable attorneys' fees against defendants.

## V.     SECOND CAUSE OF ACTION
**VIOLATIONS OF 42 U.S.C. § 1983 OF THE CIVIL RIGHTS ACT OF 1871
SECURED BY THE EQUAL PROTECTION CLAUSE
OF THE FOURTEENTH AMENDMENT
(against Defendant City)**

5.1.     Plaintiffs reallege above paragraphs 1.1 through 3.30.

5.2.     Plaintiffs are members of a protected class and were unlawfully discriminated against because of their race, color, ethnicity, and/or national origin.

5.3.     Plaintiffs were similarly situated in all relevant aspects to Caucasian law enforcement officers of the Everett PD who were seeking promotions through the civil service eligibility process.

5.4.     Defendants Fudge and Atwood failed to promote and/or demoted plaintiffs from any promotional opportunities because of their race, color, ethnicity, and/or national origin.

5.5.     Defendant City had a policy, procedure, and/or custom that discriminated against racial minority male officers including plaintiffs, demonstrating a deliberate indifference to the constitutional rights of plaintiffs, and that was the cause of the violations of plaintiffs' rights.

COMPLAINT FOR DAMAGES
AND FURTHER RELIEF - 14 of 18
(NO. _____)
{2067.01 - 00018707}

5.6.    All of the actions taken by defendants or those acting on their behalf were done while acting under color of state of law and had the effect of depriving plaintiffs of rights secured by the Constitution and laws of the United States, specifically the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, including a constitutionally protected liberty interest in a work-place environment free from discrimination on the ground of race, color, ethnicity, and/or national origin.

5.7.    Defendants' acts and policy amount to deliberate indifference to the plaintiffs' constitutional rights.

5.8.    As a result and proximate cause of the conduct, acts and/or omissions of defendants, plaintiffs have been injured  in an amount to be proven at trial, and are entitled to recover all their actual and compensatory, economic and non-economic, special and general damages.

5.9.    As a result and proximate cause of the conduct, acts and/or omissions of defendants, including discrimination against plaintiffs as members of a protected class, plaintiffs are entitled to an award of punitive damages.

5.10.   Pursuant to the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988, plaintiffs are entitled to an award for their costs, litigation expenses, and reasonable attorneys' fees against defendants.

## VI.    THIRD CAUSE OF ACTION
## VIOLATIONS OF WASHINGTON LAW AGAINST DISCRIMINATION RCW 49.60 FOR DISPARATE TREATMENT, HOSTILE WORK ENVIRONMENT, AND RETALIATION (against All Defendants)

6.1.    Plaintiffs reallege above paragraphs 1.1 through 3.30.

COMPLAINT FOR DAMAGES
AND FURTHER RELIEF - 15 of 18
(NO. _____)
{2067.01 - 00018707}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 -  FACSIMILE (425) 623-1310

6.2.    The conduct, acts and/or omissions of defendants constitute independent, separate discriminatory acts based on race, color, and/or national origin.   Each such act or acts, singularly and/or collectively, are in violation of Washington Law Against Discrimination, chapter 49.60 RCW.

6.2.1   *Disparate treatment*.  Defendants discriminated against plaintiffs in the terms and conditions of employment based upon their race, color, ethnicity, and/or national origin;

6.2.2   *Hostile work environment*.  Defendants created, allowed, and/or maintained a hostile work environment on the basis of plaintiffs' race, color, ethnicity, and/or national origin, and failed to take prompt, reasonable and remedial action to rectify the work environment; and

6.2.3   *Retaliation*.  Defendants retaliated against plaintiffs for opposing and reporting wrongful conduct and complaints about being treated unfairly due to their race, color, ethnicity, and/or national origin.

6.3.    As a result and proximate cause of the conduct, acts and/or omissions of defendants, plaintiffs have each been injured in an amount to be proven at trial, and are entitled to recover all damages sustained by them including but not limited to past and future, actual and compensatory, economic and non-economic, and special and general damages.

6.4.    Plaintiffs are entitled to recover their costs, litigation expenses, and reasonable attorneys' fees against defendants pursuant to RCW 49.60.

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 -  FACSIMILE (425) 623-1310

## VII.   FOURTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress (against All Defendants)

7.1.   Plaintiffs reallege above paragraphs 1.1 through 3.30.

7.2.   The conduct, acts and/or omissions of defendants against plaintiffs constitute negligent infliction of emotional distress.

7.3.   As a result and proximate cause of the negligent acts of defendants, plaintiffs have been injured in an amount to be proven at trial, and are entitled to recover all damages sustained by them including but not limited to past and future, actual and compensatory, economic and non-economic, and special and general damages.

## VIII.   JURY DEMAND

8.1.   Plaintiffs hereby request and demand trial by jury.

## IX.   PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against defendants as follows:

1.   For judgment against defendants, jointly and severally, for the full amount of damages proven at trial including past and future compensatory, economic, non-economic, general and emotional distress damages, for pre-judgment interest on liquidated amounts as allowed by state and federal law;

2.   For an enhanced amount permitted by state law to offset the effect of taxation of any award under state law;

3.   For award and entry of judgment against defendants for punitive damages as allowed by federal law;

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 -  FACSIMILE (425) 623-1310

4.     For award and entry of judgment against defendants for all costs, litigation expenses, and reasonable attorneys' fees;

5.     For entry of injunctive relief against defendant City of Everett Police Department to ensure compliance with federal and state anti-discrimination laws, including training, monitoring, oversight by an appropriate agency or individual, or as otherwise deemed necessary by the Court; and

6.     For other and such further relief as the Court deems just and equitable.

DATED this  8th  day of January 2014.

Vreeland Law PLLC

By _____
          Victoria L. Vreeland, WSBA No. 08046
          vicky@vreeland-law.com
          Victor J. Torres, WSBA No. 38781
          victor@vreeland-law.com
          Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES
AND FURTHER RELIEF - 18 of 18
(NO. _____)
{2067.01 - 00018707}

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON 98004
(425) 623-1300 - FACSIMILE (425) 623-1310