HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

| | |
|---|---|
| MANUAL G. GARCIA, individually;<br>SHERMAN MAH, individually; AND<br>RICHARD J. WOLFINGTON, individually,<br><br>                    Plaintiffs,<br><br>        v.<br><br>CITY OF EVERETT, a municipal<br>corporation; DAVID M. FUDGE,<br>individually and his marital community;<br>KATHERINE A. ATWOOD, individually<br>and her marital community,<br><br>                    Defendants. | CASE NO. C14-00030RAJ<br><br>MINUTE ORDER |

17        The clerk issues the following minute order by the authority of the Honorable

18   Richard A. Jones, United States District Court Judge.

19        This matter comes before the court on plaintiffs' motion to seal opposition brief

20   and exhibits in support of summary judgment.  Dkt. # 47.  Defendants filed a response in

21   support of this motion, which establishes the basis for sealing specific pages within

22   plaintiffs' exhibits 15, 23, 26, 30, and 39.  Dkt. # 49.  The motion is GRANTED IN

23   PART.

24        There is a presumption of public access to judicial records and documents.  *Nixon*

25   *v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Therefore, a party must normally

26

27

28   MINUTE ORDER – 1

1   demonstrate "compelling reasons" to seal judicial records attached to a dispositive

2   motion. *Kamakana v. City of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006).

3       Here, there is a compelling reason to seal third-party personnel information. *See,*

4   *e.g.*, *Zuccaro v. MobileAccess Networks, Inc.*, 2012 WL 261342, at *4-5 (W.D. Wash.

5   Jan. 30, 2012) (granting motion to seal documents "relating to employees' private data,"

6   including "financial statements, spreadsheets containing base salaries, targets, and

7   expected bonus and commission compensation…regarding various business and

8   employment decisions."). However, contrary to the parties' assumptions the court does

9   not have the ability to seal specific pages of exhibits. The parties are required to file

10  unredacted versions of the exhibits as well as redacted versions on the public docket. The

11  redactions must be narrowly tailored. *See Murphy v. Kavo Am. Corp.*, 2012 WL 1497489

12  (N.D.Cal. 2012) (denying motion to seal entire exhibits, but allowing parties to redact

13  confidential information); *Kamakana*, 447 F.3d at 1183 (noting that redactions are

14  preferable as they "have the virtue of being limited and clear.").

15      Accordingly, the court issues the following order with respect to the documents

16  subject to this motion:

17          **1.  Plaintiffs' Opposition**

18      Plaintiffs filed an unredacted version of their opposition (Dkt. # 49) along with a

19  redacted version on the public docket (Dkt. # 68). The redacted version addresses the

20  specific lines identified by defendants as confidential. *See* Dkt. # 83, p. 6 (designating

21  page 28, lines 17-20). No further action is required with respect to plaintiffs' opposition

22  brief.

23          **2.  Exhibits 15, 23, 26, 30, and 39**

24      Defendants have designated the following pages as containing confidential third-

25  party personnel information:

26

27

28  MINUTE ORDER – 2

1

| Exhibit | Bates Number |
|---------|--------------|
| 15 | COE014868, 14870, 14872, 14874, 14876, 14881, 14883, and 14885. |
| 23 | COE014415 |
| 26 | COE014876 |
| 30 | COE014798 |
| 39 | COE014827 |

The court agrees that these specific pages contain confidential data that should be sealed.  Accordingly, defendants are directed to file redacted versions of these exhibits on the public docket on or before April 20, 2015.  The redacted versions should contain the entire exhibit, with the specific pages noted above redacted.

Dated this 16th day of April, 2015.

WILLIAM M. MCCOOL
Clerk

s/Rhonda Stiles
Deputy Clerk

MINUTE ORDER – 3